[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4069
The instant proceeding arises out of the excavation, renovation, improvement and other changes in the defendants' property. The plaintiff alleges that the aforementioned activities on the defendants' property caused the diversion of surface and subsurface waters which, in turn, caused flooding and erosion on her property. She further claims that the changed flow of water from the defendants' property has resulted in, inter alia, overflowing of her septic leaching fields, a sinking of her driveway and damage and loss to the contents of her basement.
On June 22, 1999, she commenced this action in five counts asserting damages caused by diversion of surface and subsurface waters, trespass, negligence and negligent infliction of emotional distress. In accordance with § 10-39 of the Practice Book, the defendants filed a motion to strike count four of the complaint (negligence) on the ground that the plaintiff failed to allege facts that demonstrate a breach of duty of care owed to the plaintiff. They also move to strike count five of the complaint (negligent infliction of emotional distress) on the grounds that Connecticut does not recognize a cause of action for negligent infliction of emotional distress predicated solely upon damage to property and that the plaintiff failed to plead the necessary elements for this cause of action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). CT Page 4070
"In a typical negligence case, a cause of action is stated where a duty is alleged, the duty is alleged to have been breached, the alleged breach of duty proximately causes injury, and damages result." Doe v. Cuomo, 43 Conn. Sup. 222, 226-27,649 A.2d 266 (1994), citing Doe v. Manheimer, 212 Conn. 748, 755,563 A.2d 699 (1989). "Duty is a `legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual.'" RKConstructors. Inc. v. Fusco, 231 Conn. 381, 385 (1994), quoting 2 D. Pope, Connecticut Actions and Remedies, Tort Law (1993) § 25:05, pp. 25-27.
The plaintiff alleges in the fourth count of her complaint that the defendants "had a duty not to alter their property in such a way as to cause damage to neighboring properties."[1] She enumerates the specific changes the defendants made to their property,[2] also sets forth the damage that occurred to her property. These damages were the result of both the changes made to the defendants' property and their failure to correct or abate the diversion of surface and subsurface waters[3]. The plaintiff, however, does not clearly set out the elements of negligence, but rather leaves the court to piece together her cause of action from her somewhat scattered facts. "[I]f a pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required. . . ." (Citation omitted; emphasis added.) Henry v.Civil Service Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 411287 (January 4, 1999,Silbert, J.). Therefore, the plaintiff's fourth count cannot survive the motion to strike. The fifth count of the complaint alleges that she has "suffered emotional distress as a result of the changed flow of water onto her property, the damage done thereby, the defendants' failure to take timely action to remedy the problem and/or the defendants' unfulfilled promises to take action to stop the changed flow of water onto her property."[4]
It is well established that bodily harm is not a condition precedent to a cause of action for negligent infliction of emotional distress. Montinieri v. Southern New England TelephoneCo., 175 Conn. 337, 344-45 (1978). The courts, however, have held that "[t]o state a claim for unintentionally-caused emotional distress, the plaintiff must plead that the defendant should have CT Page 4071 realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Citations omitted; internal quotation marks omitted.) Librandi v. Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 111346 (March 20, 1991, Ryan, J.); see alsoAncona v. Manafort Bros., Inc., 56 Conn. App. 701, 713 (2000). In the present case, the plaintiff has failed to plead that the defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress and that that distress would result in illness or bodily harm. Additionally, the defendants correctly argue that Connecticut does not recognize a cause of action for negligent infliction of emotional distress based solely on damage to real property. Librandi v.Stamford, supra, Superior Court, Docket No. 111346.
Accordingly, the motion to strike counts four and five is granted.
Moraghan, J.